# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DENNIS GORDELL EPPS,

    Petitioner,

v.                                ACTION NO. 2:10cv209

GENE JOHNSON,
Director of the Virginia Department of Corrections

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Procedural Background

Petitioner Dennis Gordell Epps ("Epps") was convicted of malicious wounding in the Circuit Court of the City of Petersburg on June 30, 2008. On August 27, 2008, Epps was sentenced to twenty (20) years imprisonment with thirteen (13) years suspended. Epps did not appeal his conviction, but filed a timely petition for writ of habeas corpus in the Supreme Court of Virginia on or about July 20, 2009. Epps requested an evidentiary hearing and Respondent filed a

Motion to Dismiss the petition on November 2, 2009. The Supreme Court of Virginia granted the Respondent's Motion to Dismiss and dismissed the petition on February 8, 2010.

Epps, presently in the custody of the Sussex II State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 10, 2010. (ECF No. 1.) On June 10, 2010, Epps filed a Motion for Evidentiary Hearing. (ECF No. 5.) Respondent then filed a Motion to Dismiss (ECF No. 6) and Rule 5 Answer (ECF No. 7) on July 1, 2010. On July 19, 2010, Epps filed a Response to the Respondent's Motion to Dismiss. (ECF No. 10.) Accordingly, this matter is now ripe for adjudication.

**B. Grounds Alleged**

Epps, in his petition for writ of habeas corpus in the Supreme Court of Virginia, made seven claims each alleging the ineffective assistance of counsel. (Pet'rs State Pet.) In his federal petition, Epps asserts three arguments as grounds for relief under 28 U.S.C. § 2254. His claims amount to the following:

(1) His criminal conviction is a violation of the due process guaranteed by U.S. Constitutional Amendment XIV, as the evidence was insufficient to convict him, beyond a reasonable doubt, of malicious wounding.

(2) A witness at the trial proceeding mistakenly identified the petitioner and a co-defendant and this mistaken identity should demonstrate the insufficiency of the evidence used to support his conviction.

(3) There was insufficient proof of guilt beyond a reasonable doubt concerning the petitioner's presence at the crime scene and the reliability of the witness that implicated the petitioner. (ECF No. 1.)

## II. CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted in state court. See 28 U.S.C.A. § 2254(b) (2010). Consequently, a federal court may review only the claims that have been "fairly presented" to the state's highest court. Picard v. Connor, 404 U.S. 270, 275-78 (1971); Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994). The burden is on the petitioner to prove exhaustion in the highest state court. See Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). In the absence of prior presentation to the highest state court, a petition can nonetheless be technically exhausted in two instances. First, if exhaustion is expressly and unconditionally waived by the state, Sweezy v. Garrison, 694 F.2d 331, 331 (4th Cir. 1982)(per curiam), and second, if a state procedural rule would prevent consideration of the claim if later presented in state court. Gray v. Netherland, 518 U.S. 152, 161-62 (1996).

Despite these exceptions, claims that fall into the latter category are technically exhausted, but still treated as procedurally defaulted and barred from federal review because the petitioner cannot return to state court to file a new habeas petition. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents

federal habeas review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." Gray, 518 U.S. at 162. Virginia Code § 8.01-654(B)(2) states that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Thus, Virginia law makes clear that successive habeas petitions are disallowed in the absence of recently discovered and previously unknown facts. The rules of the Virginia Supreme Court require written notice of the application of rehearing to be filed with the clerk within ten (10) days of the Supreme Court of Virginia's disposition. Va. Supr. Ct. R. 5:39. Consequently, when a petitioner believes that the state court has misconstrued or overlooked an argument, the proper procedure is a petition for rehearing at the state level.

When faced with a procedurally defaulted claim, a habeas petitioner must attempt to show cause for the default or demonstrate a miscarriage of justice and a federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). "In order to demonstrate 'cause' for the default, the petitioner must establish 'that some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court at the appropriate time." Breard, 134 F.3d at 620 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). "A petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search" at the time of the filing of the initial petition. Rose v. Lee, 252 F.3d 676, 687 (4th Cir. 2001).

With respect to a fundamental miscarriage of justice, the Supreme Court has correlated this exception to the petitioner's actual innocence. Schulp v. Delo, 513 U.S. 298, 321 (1995). The Supreme Court considers the relationship to innocence as a "general rule" and relegated the use of

this exception to "extraordinary cases" while noting that habeas corpus petitions "that advance a substantial claim of actual innocence are extremely rare." Id. To meet the standard of proof, "the petitioner must show that the constitutional error 'probably' resulted in the conviction of one who was actually innocent." Id. at 322.

If no exception allows this Court to overcome the procedural default and permit federal habeas review, all of petitioner's claims shall be viewed as procedurally defaulted and the petition should be dismissed.

**B. Evidentiary Hearing**

Under 28 U.S.C.A. § 2254(e)(1) and (2), "[the petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." The state's decision is given deference and presumed to be correct. Id. An evidentiary hearing is to be held only in limited circumstances in which there is a new constitutional law or "factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C.A. § 2254(e)(2)(A)(ii).

## III. ANALYSIS

Here, Epps has presented a series of constitutional claims in his federal petition that are legally different from the claims raised in his initial habeas petition to the Supreme Court of Virginia. In his state petition, Epps presented seven claims of ineffective assistance of counsel. (See Pet'rs State Pet.) Currently, Epps has presented three claims in his federal petition that challenge the sufficiency of the evidence supporting his conviction. (ECF No. 1.) The exhaustion doctrine requires Epps to have submitted each of his federal claims to the highest state court prior to requesting relief in the federal system. This exhaustion requirement applies to each and every claim raised in the federal petition and "mixed petitions" involving claims both

5

exhausted and unexhausted must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). The record indicates that Epps did not seek a direct appeal of his conviction, but did file a timely request for state habeas corpus review. In his response to Respondent's Motion to Dismiss, Epps argues that the claims presented in his federal petition are the same claims raised in his prior state petition. (See ECF No. 10.) However, Epps declined to present any ineffective assistance of counsel claims in the instant petition and instead relies on sufficiency claims. The claims presented in the federal petition rely on different factual bases and legal theories than those presented in the state petition. As a result, the new sufficiency claims are unexhausted because the sufficiency claims have not been "fairly presented" to Virginia's highest court. Picard, 404 U.S. at 275-78.

Virginia law presents a procedural hurdle as Epps is barred from filing a successive habeas petition in state court absent any new evidence or facts to support his present claims. Virginia Code § 8.01-654(B)(2) prohibits the filing of successive habeas petitions except in the above circumstances. Here, each of Epps's claims are procedurally defaulted because Virginia law bars further consideration of a claim he did not fairly present to the state court when he clearly had the opportunity to do so. The procedural default of Epps's three claims bars federal habeas review.

While Epps does raise a challenge to his conviction based on the sufficiency of the evidence, there is no indication that the factual or legal bases for these claims was not present at the time of the state proceeding. Epps has not plead any new facts or evidence to allow this Court to overcome the procedural default by way of demonstrating cause or a fundamental miscarriage of justice. Epps has failed to carry his burden to demonstrate the applicability of either of these two exceptions.

Epps cannot establish cause for the default because there appears to be "no objective factor

6

external to the defense" that would have prevented Epps from raising the claim in state court. See Breard, 134 F.3d at 620. There have been no recent factual developments or legal bases that would have prevented Epps from raising the sufficiency claims in his prior state petition. In filing his initial petition with the Virginia Supreme Court, Epps could have used the same facts present at the time to argue that the evidence was insufficient to support his conviction. However, Epps chose only to present claims of ineffective assistance of counsel.

Turning to the exception for a fundamental miscarriage of justice, Epps's claims amount to his assertion that evidence presented at trial was insufficient to convict him of malicious wounding. Epps argues that the principal witness was unreliable and mistakenly identified him during the trial proceedings and that the witness has reason to be dishonest in her testimony. Epps does not present any new evidence, but instead suggests that the witness did not present reliable evidence. However, Epps does not offer evidence to support a finding that his conviction should be upset because of this argument. As explained above, this exception is available only in extraordinary and rare situations in which actual innocence can be demonstrated through new reliable evidence.

Because Epps's procedural default cannot be excused under either exception, Epps's claims are barred from federal habeas review and his present petition should be DISMISSED.

## IV. **RECOMMENDATION**

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that Epps's petition for writ of habeas corpus be DISMISSED and the evidentiary hearing be denied.

Epps has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability

pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## V. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.   <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
November 30, 2010

8

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Dennis Gordell Epps, No. 1204331
Sussex II State Prison
24427 Musselwhite Drive
Waverly, Virginia 23891-1111

Erin M. H. Kulpa, Esq.
Office of the Attorney General
900 E. Main St.
Richmond, VA   23219

                                     Fernando Galindo, Clerk

                                     By _____

                                     Deputy Clerk

                                     November 30, 2010